IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CALVIN RAY PARKER                                          PLAINTIFF

       v.                     Civil No. 1:09-cv-01026

KEN JONES, Union County Sheriff;
CAPTAIN JOHN WILLIAMS;
LT. WALTER BASS;
CHIEF JERRY THOMAS; and
SGT. JIM SANDERS                                     DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Calvin Ray Parker (hereinafter Parker) filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Specifically, pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

### I.  Background

In the complaint (Doc. 1) and addendum (Doc. 6), Parker alleges his constitutional rights were violated while he was incarcerated at the Union County Criminal Justice Facility in the following ways: (1) he was denied access to the law library; (2) Defendants failed to comply with the provisions of the Freedom of Information Act; and (3) Defendants failed to provide him with

notary services and copies.  *Complaint* at page 5.

The one time he was allowed access to the law library, Parker maintains it was inadequate. *Complaint* at page 5.  He states the library contained no federal or state rules, no bar journals, and most books in it were twenty to thirty years old.  *Id.*

Parker was seeking access to the library in connection to his state criminal case, although he was represented by counsel, and regarding a civil matter.  *Addendum* at ¶ 1-¶ 2.  Additionally, he sought information regarding inmate grievances, jail policies, and inmate rules and regulations.  *Id.*

Parker was able to send and receive legal mail.  *Addendum* at ¶ 2.  His attorney was authorized to visit him in jail.  *Id.*

Parker was asked if he had missed any deadlines for filing documents with a court or been unable to file any claim because he did not have access to legal materials.  *Addendum* at ¶ 3.  He responded:  "Yes."  *Id.*  He was then asked to specifically state what deadline he missed or what claim he had been unable to pursue.  *Id.*

In response, he stated he was "unable to dilligently pursue competent legal information that would help [him] in [his] criminal case."  *Addendum* at ¶ 3.  Further he states he was "unable to receive &/or pursue information that would help [him] w/ civil action as well as p[u]rsue the grievance procedure & the actual understanding [of his] constitutional rights & the violations thereof." Finally, he stated there was "no information available regarding the prison litigation reform act."

Parker also maintains he did not have access to a notary.  *Addendum* at ¶ 4.  He indicates he attempted to get several handwritten motions, letters to the judge, his attorney, and the prosecutor notarized.  *Id.*

Parker also states the jail refused to make copies of any documents for inmates.  *Addendum* at ¶ 5.  He maintains inmates should be allowed to have and make copies of documents pertaining to their case.  *Id.*

Finally, he states he made a request under the Freedom of Information Act (FOIA) for all documentation pertaining to him. *Addendum* at ¶ 6. He states jail staff and his attorney told him inmates were not allowed to have copies unless they had a paid attorney get them. *Id.*

As relief, Parker asks for damages in the amount of $200,000. *Complaint* at page 5. He additionally asks that there be a new policy adopted mandating the library be brought up to standards and allowing individuals to use the law library. *Id.*

## II. Discussion

"Inmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)(*citing*, *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 2179, 135 L. Ed. 2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494-95, 52 L. Ed. 2d 72 (1977)). In *Myers,* the Eighth Circuit stated that:

> [t]o protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail. Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts. To state a claim that a law library or legal assistance program violates this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. Alleging theoretical inadequacies is insufficient. Inmates must instead show, for example, that a complaint that they prepared was dismissed due to a technical requirement that a library's inadequacies prevented them from knowing, or that a library was so inadequate that it prevented them from filing a complaint for actionable harm at all.

*Myers*, 101 F.3d at 544 (citations omitted).

In *Cody v. Weber*, 256 F. 3d 764 (8th Cir. 2001), the Eighth Circuit noted that the Supreme Court in *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) and *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), "determined that the right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend


to the right to 'discover grievances' or to 'litigate effectively once in court.'" *Cody*, 256 F. 3d at 767-68 (*quoting Lewis*, 518 U.S. at 354-55).

In this case, Parker's denial of access to the courts claim fails because he has suffered no actual injury. Although he did not believe he was represented effectively, he had an attorney representing him in his criminal case. *Addendum* at ¶ 2. While he alleges he was unable to pursue information that would "help" him with his civil action, *see addendum* at ¶ 2, as the Eighth Circuit noted in *Cody*, the right of access to the courts does not extend to helping an inmate 'litigate effectively once in court.'" *Cody*, 256 F. 3d at 767-68. *See also Klinger v. Department of Corrections*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic). Although "[p]ro se defendants have a right of access to adequate law libraries or adequate assistance from persons trained in the law," *United States v. Knox*, 950 F.2d 516, 519 (8th Cir. 1991)(quotations omitted), the right is not an abstract one and the inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. Merely alleging generally that he was prevented from filing documents because he did not know what arguments to make, has specifically been held to be insufficient to state a claim. *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008)(Hartsfield failed to allege he was prevented from filing a complaint, or a filed complaint was dismissed for lack of legal adequacy. He only roughly and generally asserted that he was prevented from filing because he did not know what arguments to make. This claim is speculative and was properly dismissed).

Second, violations of the Arkansas Freedom of Information Act (FOIA) are not cognizable under section 1983 because they implicate only state law. *See e.g., Chesterfield Dev. Corp. v. City*

*of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992)(even a "bad faith violation of state law remains only a violation of state law").   Defendants' alleged violations of the state FOIA do not deprive Parker of any right, privilege, or immunity secured by the Constitution or laws of the United States.

Third, Parker has not alleged any actual injury as a result of his not having access to a notary or copies.  *Addendum* at ¶ 4 & ¶ 5.  He does allege any case was dismissed or the court refused to consider any document because the document was not notarized or he did not have the proper number of copies.  *Id.*  He does not allege he suffered any other harm as a result of his failure to have a document notarized or his failure to have a copy of a given document.  *Id.*

## IV.  Conclusion

Accordingly, I recommend that the complaint be dismissed with prejudice.  The claims asserted are frivolous and fail to state claims upon which relief may be granted.  28 U.S.C. § 1915A(b).  I further recommend that the dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of October 2009.

/s/ Barry A. Bryant  
 HON.  BARRY A. BRYANT  
 UNITED STATES MAGISTRATE JUDGE