IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CALVIN RAY PARKER                                                                            PLAINTIFF

VS.                                            CASE NO. 09-CV-1026

KEN JONES, Union County Sheriff;
CAPTAIN JOHN WILLIAMS; LT.
WALTER BASS; CHIEF JERRY
THOMAS; and SGT. JIM SANDERS                                                       DEFENDANTS

**ORDER**

On October 21, 2009, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, filed a Report and Recommendation in the above styled and numbered case.  (Doc. No. 8).  Plaintiff did not object to the Report and Recommendation and the Court adopted the magistrate's findings and recommendations.  Thereafter, Plaintiff filed a Motion for Reconsideration stating that he did not receive the magistrate judge's Report and Recommendation and asked for additional time to file a response.  This request was granted and Plaintiff was given an additional ten (10) days in which to file his objections.  (Doc. No. 12).  Plaintiff has now filed objections to the magistrate judge's Report and Recommendation.  The Court finds the matter ripe for consideration.

This is a pro se civil rights action filed pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleges that his constitutional rights were violated when he was denied access to the law library, was not provided with notary services and copies and was denied a request made under the Federal of Information Act (FOIA).  He claims that these violations took place while he was incarcerated at the Union County Jail.

In his Report and Recommendation, Judge Bryant found that the Plaintiff suffered no actual injury as a result of his being denied access to a law library, notary services or copies. He also found that Plaintiff's allegation regarding a FOIA violation is not cognizable under section 1983. Judge Bryant recommended that the Plaintiff's Complaint be dismissed with prejudice on the ground that his claims are frivolous and fail to state claims upon which relief could be granted.

In response to Judge Bryant's findings, Plaintiff states that he did suffer actual harm. He claims that he was forced to make bad decisions regarding his criminal case and he missed certain deadlines in a civil case that he had filed trying to establish a claim on money his deceased father left him in his will. Plaintiff makes no mention of Judge Bryant's finding regarding his FOIA claim.

The Constitution guarantees prisoners a right to access the courts. *White v. Kautzky* 494 F.3d 677, 679 (8th Cir. 2007). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed. 2d 72 (1977), *overruled on other grounds by Lewis v. Casey,* 518 U.S. 343, 354, 116 S.Ct. 2174, 135 L.Ed. 2d 606 (1996). However, it does not guarantee inmates the tools needed to file any legal action they desire. *Lewis,* 518 U.S. at 355. Rather, it "guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement." *Cody v. Weber,* 256 F.3d 764 (8th Cir. 2001). It also does not extend to the right to "litigate effectively once in court." *Lewis,* 518 U.S. at 354-55. In order to establish an alleged access violation, an inmate is required to show actual injury. *Id.* at 349, 351.

Plaintiff alleges that the inadequacies of the law library at the Union County Jail forced him to make bad decisions in his criminal case, i.e., plead guilty to a charge he was not guilty of. However, the right to access the courts is satisfied if a plaintiff has adequate assess or assistance from someone trained in the law. In this case, Plaintiff was represented by counsel in his criminal case. Thus, Plaintiff's claim that he made bad decisions in his criminal case does not amount to an injury that violates his right to access the courts.

Plaintiff also claims that he was injured when he missed certain civil deadlines in a case filed by him to recover money under his father's will. However, the right to access the courts is limited and pertains only to claims attacking a prison sentence, or challenging conditions of confinement or actions seeking to vindicate fundamental constitutional rights. Jails are not obligated to help prisoners pursue or defend other civil matters. Thus, Plaintiff's claim that he missed deadlines in his civil action to recovery money under his father's will does not amount to an injury that violates his right to access the courts. *See Lewis*, 518 U.S. at 355 ( "Impairment of any *other* litigating capacity is simply one of the incidental ( and perfectly constitutional) consequences of conviction and incarceration.").

After reviewing the record *de novo,* the Court adopts Judge Bryant's Report and Recommendation as its own. Accordingly, the Court finds that Plaintiff Calvin Ray Parker's Complaint should be and hereby is dismissed with prejudice on the ground that the claims are frivolous and fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b). The dismissal of this action will constitute a "strike" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED, this 21st day of June, 2010.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge